**Maria Teresita AGUIRRE–SALAZAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–76843.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2010.

Filed Aug. 12, 2010.

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Erica Miles, Oil, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District Judge.*

### MEMORANDUM **

Maria Teresita Aguirre–Salazar, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA found Aguirre–Salazar ineligible for cancellation

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of removal on account of her conviction for welfare fraud under California Welfare and Institutions Code § 10980(c)(2). On appeal, Aguirre–Salazar argues for application of the petty offense exception at 8 U.S.C. § 1182(a)(2)(A)(ii). We review legal determinations regarding an alien's eligibility for cancellation of removal de novo. *Sandoval–Lua v. Gonzales*, 499 F.3d 1121, 1126 (9th Cir.2007).

The petty offense exception is available to Aguirre–Salazar only if her "wobbler" welfare fraud conviction is classified as a misdemeanor, rather than a felony, under California law. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (excusing only those crimes where the "maximum penalty possible ... did not exceed imprisonment for one year"); Cal. Wel. & Inst.Code § 10980(c)(2) (providing, in the case of a felony, for a maximum penalty of three years' imprisonment). We defer to California's classification of wobbler offenses as felonies or misdemeanors. *Garcia–Lopez v. Ashcroft*, 334 F.3d 840, 845 (9th Cir.2003).

An immigrant may show that state law operates to classify the offense as a misdemeanor if (1) the state court issues a "judgment imposing a punishment other than imprisonment in the state prison" as described in California Penal Code § 17(b)(1); or (2) "the court declares the offense to be a misdemeanor" as described in California Penal Code § 17(b)(3). *Garcia–Lopez*, 334 F.3d at 844–46. A state court has not issued a "judgment" as contemplated by § 17(b)(1) when it suspends the imposition of a sentence and instead orders probation, even if serving time in the county jail is one of the conditions of probation. *United States v. Diaz–Argueta*, 564 F.3d 1047 (9th Cir.2009); *Garcia–Lopez*, 334 F.3d at 844–45. The presumption under California law is that a wobbler is a felony until a court actually exercises discretion to convert the offense into a misdemeanor. *Diaz–Argueta*, 564 F.3d at 1049.

The minute order in Aguirre–Salazar's record makes clear that the state court suspended Aguirre–Salazar's sentence on November 30, 2004. Aguirre–Salazar therefore cannot resort to California Penal Code § 17(b)(1) to show that her conviction was converted to a misdemeanor when the court ordered probation and 120 days in the county jail on the same date. Additionally, the record does not reflect any subsequent developments in Aguirre–Salazar's criminal case that would indicate that the state courts later acted to convert the offense into a misdemeanor. Aguirre–Salazar's offense is therefore a felony under the presumption that a wobbler is a felony until otherwise converted. *See Diaz–Argueta*, 564 F.3d at 1049.

Aguirre–Salazar argues that our decision in *Ferreira v. Ashcroft*, 382 F.3d 1045 (9th Cir.2004), compels the opposite result. We disagree. *Ferreira* is consistent with the above cited cases in recognizing that under California Penal Code § 17(b)(1), a crime converts to a misdemeanor if a state court imposes a judgment other than imprisonment in the state prison. *See* 382 F.3d at 1051. *Ferreira* differs from the present case in that in *Ferreira* the sentence was not suspended. *See id.* at 1051. *Ferreira* concluded that because the state had, five years earlier, "sentenced" the petitioner "to four months in the county jail and three years' probation," a misdemeanor judgment had been imposed. *Id.* at 1048. In this case, however, the record is clear that at the time of Aguirre–Salazar's immigration hearing in 2005, the state court had suspended Aguirre–Salazar's sentence in 2004, and the conviction was never converted to a misdemeanor.

The petition for review is **DENIED**.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.